CASE NO. 0:19-60346-RAR
_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____

SABINA FARUQUI, NAJMUS FARUQUI,
MICHAEL CHHABRA and SUSHMA CHHABRA,

Appellants,

v.

SCOTT N. BROWN, as Chapter 7 Trustee of the
Bankruptcy Estate of Excelium Management, LLC

Appellee.

On Appeal from the United States Bankruptcy Court for the
Southern District of Florida, Ft. Lauderdale Division,
Lower Tribunal Case No. 18-01344-BKC-JKO

**APPELLANTS' REPLY BRIEF**

Riley W. Cirulnick, Esq.
Florida Bar No. 0333270
rcirulnick@rprslaw.com
RICE PUGATCH ROBINSON
STORFER & COHEN, PLLC
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Telecopier: (954) 462-4300

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ................................................................................................. i

**TABLE OF AUTHORITIES** ......................................................................................... ii

**ARGUMENT**……………………………………………………..…………………7

    I.   The Bankruptcy Court erred as a matter of law in ruling that
Michael Chhabra waived his right to challenge service of process
and personal jurisdiction and in denying the Appellants' Motions
to Vacate Final Default Judgments ...................................................... …………1

**CONCLUSION** ........................................................................................................... 7

**CERTIFICATE OF SERVICE** ................................................................................... 9

**CERTIFICATE OF
COMPLIANCE**……………………………………………………………..………9

# **TABLE OF AUTHORITIES**

## **Cases**

*Altman v. Alternative Debt Portfolios, L.L.C. (In re EZ Pay Servs.)*, 389 B.R. 278 (M.D. Fla. Bankr. 2008)......................................................................................6

*In re Briggs Transp. Co.*, 780 F.2d 1339 (8th Cir. 1985)............................................7

*In re Colombian Coffee Co., Inc.*, 75 B.R. 177 (S.D. Fla. 1987)...............................6

*Feltman v. Michelman & Robinson, LLP (In re Certified HR Servs. Co.)*, 2009 Bankr. LEXIS 2797 (S.D. Fla. Bankr. March 4, 2009) ...............................................6

*In re Omni Capital Group, Ltd.*, 163 B.R. 607 (Bankr. S.D. Fla. 1994)....................2

*In re United Energy Corp.*, 944 F.2d 589 (9th Cir. 1991)...............................................6

*Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291 (11th Cir. 2003)…...5

## **Statutes and Rules**

Federal Rule of Civil Procedure 60(b)...............................................................................5, 7

# ARGUMENT

## I. The Bankruptcy Court erred as a matter of law in ruling that Michael Chhabra waived his right to challenge service of process and personal jurisdiction and in denying the Appellants' Motions to Vacate Final Default Judgments

Nowhere in the Trustee's Response Brief does he contend, or even suggest, that service on Michael Chhabra ("Michael") was proper or that Michael had notice of the adversary proceeding or Complaint prior to entry of a default and default judgment against him. Nor does the Trustee attempt to explain why he proceeded to serve Michael by mail at an address in Florida when he had actual knowledge at the time that Michael was living in Ohio. It would almost appear as if the Trustee is steadfastly avoiding the underlying facts concerning service of process on Michael because they are not favorable to his argument in this Appeal.

The Trustee likewise does not address why he believes that the amount of damages awarded in the default judgments were proper.[1] Instead, he simply contends that this is a "new" defense raised in the Motion for Reconsideration.[2] However, contrary to the Trustee's assertion, Michael (and the other Appellants) addressed the damage calculation in their Motions to Vacate. [R. 127-140]. For

---

[1] The Default Final Judgments entered on October 9, 2019 were in the following amounts: $6,052,220.59 against Sabina; $5,189,720.59 against Michael; $5,189,720.59 against Sushma; and $862,500.00 against Najmus. [R. 101-120].

[2] *See* Response Brief at p. 16.

instance, Michael asserted in his Motion to Vacate that "the amount in which the Plaintiff is seeking judgment is based on the amount of the creditor claims in the case and not based on the alleged dereliction of duties by Michael Chhabra. The Plaintiff must specifically show any damages resulting from Michael Chhabra's dereliction of duties as an officer or director of the company." [R. 130]. Similar arguments are raised in the Motions to Vacate filed by Appellants, Sushma Chhabra ("Sushma"), Najmus Faruqui ("Najmus") and Sabina Faruqui ("Sabina"). [R. 135-36, R. 139-40]. Accordingly, Appellants did not improperly utilize a Rule 59(e) motion to raise arguments available but not advanced at a prior hearing.

With regard to Michael's previously filed Proof of Claim in the underlying bankruptcy case which included his proper Ohio address, the Trustee's only argument in response is that the issue was not raised in the Motion to Vacate and was only addressed at the Motion for Reconsideration hearing. This should not matter, as the issue of whether or not Michael was properly served was first raised in the Motion to Vacate, the subject proof of claim and related filings were part of the court record at such time, and the Trustee was certainly aware of these facts at the time it improperly served Michael by mail in Florida. The Trustee cites to *In re Omni Capital Group, Ltd.*, 163 B.R. 607 (Bankr. S.D. Fla. 1994), for the proposition that the filing of a proof of claim subjects the claimant to the equity jurisdiction of the bankruptcy court. However, the *Omni* case only addressed whether a defendant

in an adversary case waived his right to a jury trial by filing a proof of claim, and there were no issues concerning service of process or entry of a default judgment.

While Michael, through prior counsel, did file a <u>proposed</u> Answer [R. 161-168] shortly after filing his Motions to Vacate, the undisputed fact remains that he did raise the issue of insufficient and improper service in his first Rule 12 motion, pleading, or general appearance.[3] [R. 70-72; R. 127-132].

The Trustee questions whether accepting Michael's position that his subsequently-filed proposed Answer should be ignored would lead to an absurd result (i.e. a defaulted defendant vacating a default judgment due to lack of personal jurisdiction while simultaneously defending on the merits). *See* Response Brief at pp. 7-8. To that point, Michael would state that a case being decided on the merits rather than by default (and resulting in a default judgment in excess of $5 million), and requiring a plaintiff to properly serve a defendant before obtaining such a default judgment, is not an absurd result.  Moreover, the answer (particularly in a situation such as this one where it was filed as a proposed Answer) could simply be deemed a nullity as a result of the previously-filed motion to vacate addressing the insufficient service, or the defendant could withdraw the answer upon the granting

---

[3]     The other Appellants likewise filed "proposed" Answers after the filing of their Motions to Vacate. [R. 144-160].

of the motion to vacate. Requiring a plaintiff to provide a defendant with notice and an opportunity to be heard is not by any means absurd.

While Michael's proposed Answer did not specifically include any meritorious defenses, the fact remains that he did raise meritorious defenses before the Bankruptcy Court. Indeed, he included an entire section in his Motion to Vacate titled "Meritorious Defenses".[4] [R. 128-130]. The undersigned acknowledges that this is an unorthodox approach to pleading and it may have been a better choice for prior counsel to have also asserted these meritorious defenses in the proposed Answer, but this does not change the fact that these defenses were raised in the first Rule 12 motion, and thus Michael did not waive these defenses.

The Trustee acknowledges that there does not appear to be any caselaw dealing with this unique set of facts where an answer is subsequently filed after a motion challenging service of process. *See* Response Brief at p. 11. Accordingly, this Court is not bound by any binding precedent, and it has the opportunity to do what is right, just and fair under the circumstances, which would be to allow a party who was never properly served and then defaulted, with relief from a default judgment exceeding $5 million, and requiring the Trustee to actually prove his claims and establish his damages.

---

[4] The other Appellants likewise included a "Meritorious Defenses" section in their Motions to Vacate, which were likewise filed prior to their proposed Answers. [R. 133-140].

The Trustee argues that there are similarities between the facts of the instant case and *Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291 (11th Cir. 2003); however, there are also notable distinctions. *See* Response Brief at p.10. In *Valdez*, the defaulted defendants were a corporation and an individual: the individual was served at his last known business address on file with the Florida Secretary of State, and the plaintiff served the corporation's registered agent (who was also defendants' attorney) who acknowledged receiving service and sending the summons and complaint by mail and fax to a forwarding address which the defendants had provided to him. *Id*. at 1294. Notably, the same registered agent/attorney filed a notice of appearance in the *Valdez* case after entry of a default judgment, but did not challenge personal jurisdiction or service of process under Rule 60(b)(4). *Id*. By contrast, in the instant case, the Trustee served Michael at an address he knew or should have known was improper, and Michael's counsel had no knowledge of the complaint or service until after entry of a default. Moreover, unlike the defendants in *Valdez*, Michael has challenged service of process under Rule 60(b)(4). Finally, there is nothing in the *Valdez* decision to suggest that the plaintiff was aware that he was attempting to serve the defendants at an incorrect address, unlike the instant action where the Trustee had actual knowledge that Michael was residing in Ohio but served him in Florida anyway.

5

Michael simply desires an opportunity to defend this case on the merits and require the Trustee to prove that Michael is personally liable for the damages alleged in the Complaint, rather than suffering a default judgment in excess of $5 million under these circumstances where he was admittedly served improperly, where the Trustee was aware of the proper address but did not serve him there, and where he raised the issue in his first response to the Complaint.

"Bankruptcy courts are courts of equity, operating under the consideration that equitable principles govern the exercise of bankruptcy jurisdiction." *Feltman v. Michelman & Robinson, LLP (In re Certified HR Servs. Co.)*, 2009 Bankr. LEXIS 2797, *3-4 (S.D. Fla. Bankr. March 4, 2009) (*citing In re Colombian Coffee Co., Inc.*, 75 B.R. 177 (S.D. Fla. 1987). "As courts of equity, bankruptcy courts 'possess the power to delve behind the form of the transactions and the relationships to determine the substance.'" *Id*. at *4 (*citing In re United Energy Corp*., 944 F.2d 589, 596 (9th Cir. 1991)). "Bankruptcy courts are courts of equity that were established to apply equitable principles in the administration of the debtor-creditor relationships." *Altman v. Alternative Debt Portfolios, L.L.C. (In re EZ Pay Servs.)*, 389 B.R. 278, 284 (M.D. Fla. Bankr. 2008). "Essential to any analysis of the meaning of and policy behind any section of the bankruptcy code is the recognition that a bankruptcy court is a court of equity. Bankruptcy courts do not read statutory words with a computer's ease, but operate under the overriding consideration that

6

equitable principles govern the exercise of bankruptcy jurisdiction." *In re Briggs Transp. Co.*, 780 F.2d 1339, 1343 (8th Cir. 1985).

Accordingly, the Bankruptcy Court should have granted, and abused its discretion by denying, Michael's Motion to Vacate pursuant to Rule 60(b)(4) because it was readily apparent that the judgment against him was void due to lack of service. The Bankruptcy Court likewise should have allowed the litigation to proceed on the merits as to the remaining Appellants rather than allow the entry of multi-million dollar default judgments against them without requiring the Trustee to actually establish his claims against them or substantiate the amount of damages awarded.

## **CONCLUSION**

For the foregoing reasons, Appellants, Michael Chhabra, Sushma Chhabra, Sabina Faruqui and Najmus Faruqui, respectfully request that the *Order Denying Michael Chhabra's Motion to Vacate Final Default Judgment*, the *Order Denying Sushma Chhabra's Motion to Vacate Final Default Judgment* and the *Order Denying Sabina Faruqui and Najmus Faruqui's's Motion to Vacate Final Default Judgment* entered in the United States Bankruptcy Court, Southern District of Florida, be reversed and that this Court remand this action to the Bankruptcy Court for further proceedings such that the Trustee's claims against the Appellants may be determined on the merits rather than by default.

Respectfully submitted,

**RICE PUGATCH ROBINSON STORFER & COHEN, PLLC**
*Counsel for Appellants, Michael Chhabra, Sushma Chhabra, Sabina Faruqui and Najmus Faruqui*
101 N.E. 3rd Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile:   (954) 462-4300

By:   /s/ Riley W. Cirulnick
       Riley W. Cirulnick
       Florida Bar No. 0333270
       rcirulnick@rprslaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing this 1st day of July, 2019.

       /s/ Riley W. Cirulnick
       RILEY W. CIRULNICK

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that this brief complies with the page limitation in Federal Rule of Bankruptcy Procedure 8015(a)(7)(A).

/s/ Riley W. Cirulnick
RILEY W. CIRULNICK

6226.001